IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
FEB 27 2025
KEVIN P. WEIMER, Clerk
By: MA Deputy Clerk

BRANDON RAWLS,

Plaintiff,

Case No. 1:24-cv-03948-VMC-CCB

v.

TRANS UNION, LLC,

Defendant.

## PLAINTIFFS FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiff Brandon Rawls, *Pro Se* ("Plaintiff or Mr. Rawls"), and files this First Amended Complaint against Defendant Trans Union, LLC ("TransUnion" or "Defendant"), stating as follows:

## INTRODUCTION

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., which requires consumer reporting agencies to provide a complete and accurate disclosure of all information contained in a consumer's file.

2. Defendant failed to provide Plaintiff with a full consumer file disclosure, as required by 15 U.S.C. § 1681g(a)(1), by:

3. Providing masked and incomplete account numbers for tradelines appearing in Plaintiff's file.
4. Omitting essential data, including internal records, archived account histories, and debt ownership details.
5. Suppressing key collection account information, preventing Plaintiff from verifying the accuracy of reported debts.
6. Defendant's failure to comply with § 1681g(a) deprives Plaintiff of his right to review, dispute, and correct potential inaccuracies in his file.
7. Plaintiff seeks statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and § 1681o for Defendant's willful and negligent noncompliance with the FCRA.

**JURISDICTION AND VENUE**

8. The Court has jurisdiction under 15 U.S.C. § 1681p (FCRA) and 28 U.S.C. § 1331 (federal question jurisdiction).
9. Venue is proper under 28 U.S.C. § 1391(b) because Defendant conducts business in this District, and a substantial part of the events giving rise to this claim occurred within this District.

**PARTIES**

10. Plaintiff Brandon Rawls is a natural person and consumer, residing in Marietta, Georgia.

11. Defendant Trans Union, LLC is a consumer reporting agency ("CRA"), as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of compiling and furnishing consumer reports.

## FACTUAL ALLEGATIONS

12. In response, Defendant provided a limited "consumer disclosure" that failed to include all information in Plaintiff's file.

13. Defendant's disclosure concealed key account details by providing only masked and incomplete account numbers, preventing Plaintiff from verifying and disputing reported accounts.

14. Specifically, the following tradelines contained incomplete or redacted account numbers:

- First Premier Bank (#517800689157**)**
- MRV Banks/Revvi (#426498000388**)**
- TBOM/Total (#405731060118**)**

15. The failure to disclose full account numbers violates 15 U.S.C. § 1681g(a)(1), which mandates that CRAs provide all information recorded in a consumer's file.

16. Despite a requirement to disclose all information in his credit file at the time of his request, TransUnion's Disclosure omitted significant amounts of information contained in his credit file.

17. On information and belief, these data furnishers reported the full account numbers belonging to its respective accounts to TransUnion, and this information was contained within TransUnion's file regarding Mr. Rawls at the time of his request.

18. When TransUnion produces and sells reports regarding Mr. Rawls to third parties, the full account numbers and names of the original creditors are included in its reports.

19. The accuracy of TransUnion's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

20. Having a duty to disclose all of the information regarding the accounts in Mr. Rawls' file, TransUnion breached its duty by failing to provide the account numbers and, as such, information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

21. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

22. The FCRA requires that consumers be provided with a complete copy of their file, including internal records and archived information that may affect their credit standing.

23. Defendant's disclosure failed to include: Internal notes or archival data related to previously disputed accounts, Historical payment data that is otherwise

reported to third parties, Full inquiry history, including suppressed inquiries visible only to creditors.

24. These omissions deprive Plaintiff of his ability to verify or dispute the accuracy of the reported information.

25. On information and belief, all the aforementioned data furnishers reported full account numbers to TransUnion, and this information was contained within TransUnion's file on Mr. Rawls at the time of his request for his consumer File.

26. Several of Plaintiff's accounts were reported as charged off or sold to another entity, yet Defendant failed to disclose the identity of the current debt owner.

27. Specifically, the following accounts lacked the name and contact information of the current creditor:

- MRV Banks/Revvi (#426498000388**) – Sold but new owner not identified.**
- TBOM/Total (#405731060118**) – Sold but new owner not identified.**

28. By withholding this information, Defendant has hindered Plaintiff's ability to dispute or validate these accounts, causing harm.

29. The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file

clearly and accurately. *See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019)* ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

30. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

31. The lack of accurate, full account numbers caused Mr. Rawls great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

32. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section

609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file."

33. TransUnion's omission of the full account numbers and other omissions greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

34. Mr. Rawls has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

35. TransUnion's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Rawls deprived him of this right.

**COUNT I – VIOLATION OF 15 U.S.C. § 1681g(a)(1)**

36. Plaintiff re-alleges and incorporates paragraphs 1-35 as if fully stated herein.

37. Defendant is a consumer reporting agency ("CRA") under 15 U.S.C. § 1681a(f).

38. 15 U.S.C. § 1681g(a)(1) requires CRAs to "clearly and accurately" disclose all information in a consumer's file upon request.

39. Defendant violated § 1681g(a)(1) by failing to provide a complete disclosure of Plaintiff's file, including:

1. Masked and incomplete account numbers

2. Missing internal and archived data.
3. Suppressed debt collection ownership information.

40. Defendant's failure deprived Plaintiff of his right to review and dispute potentially inaccurate or incomplete information.

41. The defendant's violations were willful, as it knew or should have known its obligations under the FCRA but chose not to comply.

42. Alternatively, Defendant's violations were negligent, entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. Statutory damages under 15 U.S.C. § 1681n(a)(1)(A);
2. Punitive damages under 15 U.S.C. § 1681n(a)(2) for willful violations;
3. Actual damages under 15 U.S.C. § 1681o(a)(1) for negligent violations;
4. Any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

Dated: 2/11/2025

Brandon Rawls
cfo-igb@brandonlavellrawls.com
P.O. Box 675622
Marietta, GA 30006
(404) 641-5542
***Pro Se Plaintiff***

/s/ Brandon Rawls
**BRANDON RAWLS**

**LOCAL RULE 5. 1 CERTIFICATION**

I hereby certify that PLAINTIFFS FIRST AMENDED COMPLAINT has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

*/s/ Brandon Rawls*

**BRANDON RAWLS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the day of February 2025, I filed the foregoing with the Clerk of the Court. I further certify that I have mailed the above and foregoing document by United States Postal Service to the following:

Paul W. Sheldon
Georgia Bar No. 947098
psheldon@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5453
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

*/s/ Brandon Rawls*

**BRANDON RAWLS**